IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 04-20498 |
| ) | |
| RONALD JONES, ) | |
| ) | |
| Defendant. ) | |

**ORDER DENYING PLAINTIFF'S MOTION TO QUASH SUBPOENA DUCES TECUM**

On March 3, 2005, the defendant Ronald Jones ("Jones") "filed a Subpoena Duces Tecum and served it upon the Keeper of the Records, Memphis Police Department - Narcotics Division requesting the 'Log Sheets for Detective Pike for his shifts from 8-1-2004 to 8-31-2004....'" (Govt.'s Mot. at 1.) The government filed a motion to quash the subpoena on March 24, 2005. Jones filed a response on March 30 2005. In his response Jones argues, without citing authority, that because the motion to quash was filed by an Assistant United States Attorney ("AUSA") and "[t]he AUSA does not represent the party being subpoenaed . . . [the AUSA] does not have standing to bring said motion." (Def.'s Resp. at 1.)

Federal Rule of Criminal Procedure 17(c) ("Rule 17(c)"), which deals with the production of "documents and objects," states:

> (1) In General. A subpoena may order the witness to produce any books, papers, documents, data, or other objects the subpoena designates. The court may direct the witness to produce the designated items in court before



This document entered on the docket sheet in compliance
with Rule 55 and/or 32(b) FRCrP on _6/8/05_

trial or before they are to be offered in evidence. When the items arrive, the court may permit the parties and their attorneys to inspect all or part of them.

(2) Quashing or Modifying the Subpoena. On motion made promptly, the court may quash or modify the subpoena if compliance would be unreasonable or oppressive.

"Decisions regarding the quashing of a subpoena duces tecum, submitted pursuant to Rule 17(c) of the Federal Rules of Criminal Procedure, are committed to the trial judge's discretion." U.S. v. Hughes, 895 F.2d 1135, 1145 (6th Cir. 1990) (citing United States v. Nixon, 418 U.S. 683, 702 (1974)).

Part (2) of Rule 17(c), which deals with motions to quash a subpoena, does not specify who has standing to make such a motion. In general, a party has standing in a proceeding when the party has a personal interest in the outcome. See Craig v. Boren, 429 U.S. 190, 194 (1976) (holding that a party must suffer an "injury in fact" to have standing to bring suit in federal court). When a party has possession of documents, or has an ownership interest in documents held by a third-party, that are the subject of a subpoena, then the party has standing to move to quash under Rule 17(c)(2). Schwimmer v. U.S., 232 F.2d 855, 860-861 (8th Cir. 1956). A party that does not possess or have a property interest in the documents that are the subject of a subpoena does not have standing to move to quash the subpoena under Rule 17(c)(2) because he will not suffer any injury if the subpoena is enforced. See In re Seiffert, 446 F.Supp. 1153, 1155-56 (D.C.N.Y. 1978) (holding that a defendant did not have standing to move to quash a subpoena issued by the government for his bank records because the defendant

2

failed to show "a sufficient causal relationship between the subpoena's alleged infirmities and the injury asserted").

Finally, when a defendant's subpoena is directed at a third party that has expressed to the court that it objects to complying with the subpoena, the federal government has standing to move to quash the subpoena on behalf of the third party. See U.S. v. Elife, 43 F.R.D. 23, 25 (S.D.N.Y. 1967) ("The letter of Railway Express to this Court . . . expressing its disinclination to make its records available, accords the government standing to object [to the defendant's subpoena] on its behalf."); see also U.S. v. Hughes, 895 F.2d 1135 (6th Cir. 1990) (considering on the merits the government's motion to quash defendant's subpoena duces tecum served on the government's expert witness).

The government moves to quash a subpoena duces tecum identifying records belonging to, and in the possession of, the Memphis Police Department. There is no evidence that the federal government has any interest in these documents or will suffer any injury if Jones' subpoena is enforced. There is no evidence that the Memphis Police Department or any agent of the City of Memphis or the State of Tennessee has asked the AUSA to act on behalf of the Memphis Police Department. Accordingly, the court finds that the government does not have standing to move to quash Jones' subpoena duces tecum served on the "Keeper of the Records" of the Memphis Police Department on March 3, 2005.

For the foregoing reasons, Plaintiff's motion to quash is DENIED.

So ordered this 2d day of June 2005.

_____
SAMUEL H. MAYS, JR.
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 39 in case 2:04-CR-20498 was distributed by fax, mail, or direct printing on June 8, 2005 to the parties listed.

---

David Charles Henry
U.S. ATTORNEY'S OFFICE
167 N. Main St.
Ste. 800
Memphis, TN 38103

Mary Catherine Jermann
FEDERAL PUBLIC DEFENDER
200 Jefferson Ave.
Ste. 200
Memphis, TN 38103

Honorable Samuel Mays
US DISTRICT COURT